**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TERESA MORALES,<br><br>Plaintiff,<br><br>v.<br><br>BAGEL & DELI CREATION, LLC, DN BAGELS LLC, d/b/a BAGEL EXPRESS, NEIL PATEL, and RICKY PATEL,<br><br>Defendants. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Plaintiff, Teresa Morales ("Morales" or "Plaintiff"), by and through her counsel, Trief & Olk, alleges as follows:

## PARTIES

1. Plaintiff is an adult individual and New York State resident who was employed by Defendants from September 2016 through July 2021.

2. Defendant Bagel & Deli Creation, LLC ("Bagel Creation") is a corporation organized under the laws of the State of New York, with its principal place of business at 669 Route 109, West Babylon, New York 11704.

3. Defendant DN Bagels LLC, d/b/a Bagel Express ("Bagel Express") is a corporation organized under the laws of the State of New York, with its principal place of business at 217 N. Main Street, Sayville, New York BA, 11782.

4. Upon information and belief, Defendant Neil Patel was an owner and/or manager of Bagel Creation and Bagel Express (collectively, the "Bagel Stores"), at all relevant times herein.

5. Upon information and belief, Defendant Ricky Patel was an owner and/or manager of the Bagel Stores at all relevant times herein. (The Bagel Stores, Neil Patel, and Ricky Patel are referred to collectively as "Defendants.")

## VENUE AND JURISDICTION

6. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's New York Labor Law claims pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over Defendants because the Bagel Stores are New York-based corporations, which operate in the State of New York.

9. Venue is proper in this judicial district because, pursuant to 28 U.S.C. § 1391, the Bagel Stores are located in this judicial district as entities subject to the court's personal jurisdiction with respect to the civil action in question and because the events or omissions giving rise to the claim occurred in this judicial district.

## COVERAGE UNDER THE FLSA AND NYLL

10. Throughout Plaintiff's employment, Defendants have continuously been an employer of multiple employees engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11. Throughout Plaintiff's employment, Defendants were an enterprise covered by the FLSA and as defined by 29 U.S.C. §§ 203(r) and 203(s).

12. Upon information and belief, throughout Plaintiff's employment, Defendants had annual gross volume of sales made or business done of over $500,000 for each year in the relevant period.

2

13. Upon information and belief, throughout Plaintiff's employment, Defendants had more than 10 employees including Plaintiff engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. Throughout Plaintiff's employment, Defendants employed Plaintiff within the meaning of the FLSA and the NYLL.

15. Throughout Plaintiff's employment, she was an "employee" of Defendants as that term is used in 29 U.S.C. § 203(e)(1) and in the applicable regulations implementing the NYLL, 12 NYCRR § 146-3.2(a).

16. Throughout Plaintiff's employment, Defendants maintained control, oversight, and direction over the operation of the operations at the Bagel Stores including oversight of hiring and firing practices; setting hours and pay rates; oversight of the payroll; and other employment practices therein.

17. Upon information and belief, Defendants Neil Patel and Ricky Patel have had oversight of the day-to-day operations of the Bagel Stores. They were regularly at the stores to supervise and inspect the work done by Plaintiff, and had the power to hire and fire employees such as Plaintiff, control the conditions of employment, and determine the rate and method of compensation paid to Plaintiff.

18. Defendants Neil Patel and Ricky Patel are employers pursuant to the FLSA, 29 U.S.C. § 203(d), and the applicable implementing regulations, and NYLL § 2(6) and applicable implementing regulations, and are jointly and several liable with Defendants the Bagel Stores.

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff worked at the Bagel Express from the middle of September 2016 until she transferred to Bagel Creation in May 2020. She was required to prepare food and clean the restaurant.

20. At Bagel Express, Plaintiff worked seven to eight hours daily, six days each week, totaling approximately 42 to 48 hours per week.

21. Initially, Plaintiff was paid approximately $370 per week, paid partly in cash and partly by check.

22. In 2020, Plaintiff's pay rate changed from the weekly rate to $12 per hour, which she continued to receive partly in cash and partly by check.

23. During the period she worked for Bagel Express, Plaintiff received no overtime premium when she worked more than 40 hours in a week, despite regularly working 42 to 48 hours per week.

24. In or about May 2020, Defendants moved Plaintiff's employment to Bagel Creation.

25. Plaintiff was employed at Bagel Creation from May 2020 until July 2021, performing similar food preparation and cleaning tasks that she was assigned at Bagel Express.

26. At Bagel Creation, Plaintiff was required to work seven days a week, totaling approximately 60 hours per week.

27. During her employment at Bagel Creation, Plaintiff was paid $14 per hour, which she received all in cash.

28. During her employment at Bagel Creation, Plaintiff was not paid a premium for overtime hours.

## DEFENDANTS' VIOLATIONS OF THE FLSA AND NEW YORK LABOR LAW

### Minimum Wage and Overtime Violations

29. Throughout her employment by Defendants, Plaintiff was a covered employee under the FLSA and NYLL, who was not exempt from the requirements thereunder, including minimum wage and overtime requirements.

30. Throughout her employment by Defendants, Plaintiff was not paid the wages to which she was entitled.

31. Throughout her employment by Defendants, Defendants were aware of the hours Plaintiff worked and rates of pay but willfully failed to pay the compensation Plaintiff was owed pursuant to the FLSA and NYLL.

32. From January 1, 2017, through December 31, 2018, and from January 2020 through April 2020, Plaintiff did not receive the minimum wage as required by NYLL.

33. Throughout her employment by Defendants, Plaintiff was not paid an overtime premium for hours worked in excess of 40 hours per week, despite regularly working more than 40 hours per week.

### Wage Notice and Wage Statement Violations

34. At the commencement of Plaintiff's employment by Defendants, Defendants failed to provide Plaintiff with statements of the scheduled hours and rates of pay, as required by New York Labor Law.

35. Throughout Plaintiff's employment, Defendants failed to furnish Plaintiff (in Spanish, her primary language), with accurate, written wage statements listing, *inter alia*, rate or rates of pay and basis thereof; gross wages; net wages; regular hourly rate; overtime rate; number

of regular hours worked; and the number of overtime hours worked, in violation of New York Labor Law.

## CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (29 U.S.C. § 201, *et seq.*)

36. Plaintiff realleges and incorporates paragraphs 1 - 35 as if fully set forth herein.

37. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

38. Plaintiff worked in excess of 40 hours during some or all work weeks in the relevant period.

39. As a non-exempt employee, Plaintiff was entitled to be paid an overtime premium at one-and-one-half times her regular hourly rate for all hours worked in excess of 40 hours per workweek, as set forth under the FLSA.

40. Defendants failed to pay Plaintiff one-and-one-half times minimum wage for all work in excess of 40 hours per workweek.

41. The conduct of Defendants constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

42. Because the conduct of Defendants was willful, a three-year statute of limitations applies, pursuant to 20 U.S.C. §§ 201, *et seq*.

43. Due to these FLSA violations, Plaintiff was damaged and is entitled to recover, from Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and expenses of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### FAILURE TO PAY OVERTIME IN VIOLATION OF NYLL
### (NYLL §§ 198 and 650, *et seq.*, and 12 NYCRR § 146-1.4)

44. Plaintiff realleges and incorporates paragraphs 1-35 as if fully set forth herein.

45. As a non-exempt employee, Plaintiff was entitled to be paid an overtime premium at one-and-one-half times her regular hourly rate for all hours worked in excess of 40 hours per workweek, as set forth under NYLL § 652 and 12 NYCRR § 146-1.4.

46. Plaintiff worked in excess of 40 hours during some or all work weeks in the relevant period.

47. Throughout Plaintiff's employment with Defendants, Defendants willfully failed to pay Plaintiff at the overtime rate for hours worked in excess of 40 hours per workweek as required by NYLL and 12 NYCRR § 146-1.4.

48. Due to Defendants' NYLL violations, Plaintiff was damaged and is entitled to recover from Defendants compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, expenses of this action, and pre- and post-judgment interest, pursuant to, pursuant to NYLL § 198.

## COUNT III
### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF NYLL
### (NYLL §§ 191 and 650 *et seq.*; and 12 NYCRR § 146-1.2)

49. Plaintiff realleges and incorporates paragraphs 1-35 as if fully set forth herein.

50. From January 1, 2017, through December 31, 2018, Plaintiff was paid at a weekly rate that resulted in an effective hourly rate less than the applicable minimum wage under NYLL, as calculated pursuant to 12 NYCRR § 146-3.5(b).

51. From January 1, 2020, through April 30, 2020, Plaintiff was paid an hourly rate less than the applicable minimum wage under NYLL.

7

52. For the periods referenced above, *see* ¶¶ 50-51, Defendants willfully failed to pay Plaintiff at least minimum wage for all hours worked as required by NYLL §§ 191 and 652, and 12 NYCRR § 146-1.2(a)(1)(ii).

53. Due to Defendants' NYLL violations, Plaintiff was damaged and is entitled to recover from Defendants compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, expenses of this action, and pre- and post-judgment interest, pursuant to NYLL § 198.

### COUNT IV
### FAILURE TO FURNISH WAGE NOTICE IN VIOLATION OF NEW YORK WAGE THEFT PREVENTION ACT
### (NYLL §§ 195(1), 198)

54. Plaintiff realleges and incorporates paragraphs 1-35 as if fully set forth herein.

55. At the commencement of Plaintiff's employment, Defendants failed to provide Plaintiff with a written notice (in Spanish, Plaintiff's primary language), of the applicable rate of pay, regular pay day, and such other information as required by the Wage Theft Prevention Act, NYLL § 195(1).

56. Due to Defendants' NYLL violations, Plaintiff was damaged and is entitled to recover from Defendants damage as provided by NYLL § 198 for these wage statement violations, together with attorneys' fees and costs.

### COUNT V
### FAILURE TO FURNISH WAGE STATEMENTS IN VIOLATION OF NEW YORK WAGE THEFT PREVENTION ACT
### (NYLL §§ 195(3), 198, and 650 *et seq*.; and 12 NYCRR § 146-2.3)

57. Plaintiff realleges and incorporates paragraphs 1- 35 as if fully set forth herein.

58. Throughout Plaintiff's employment, Defendants failed to furnish Plaintiff with accurate, written wage statements listing, inter alia, gross wages; net wages; overtime rate;

number of regular hours worked; and the number of overtime hours worked, as required by the Wage Theft Prevention Act, NYLL § 195(3).

59. Due to Defendants' NYLL violations, Plaintiff was damaged and is entitled to recover from Defendants damage as provided by NYLL § 198 for these wage statement violations, together with attorneys' fees and costs.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the relief to which she is entitled and:

    A.    On the first and second claims for relief, an award of overtime compensation for unpaid wages to Plaintiff;

    B.    On the third claim for relief, an award of compensation for unpaid minimum wages at the applicable New York minimum wage rate;

    C.    On the fourth and fifth claims for relief, an award of statutory damages as applicable pursuant to New York Labor Law to Plaintiff;

    D.    An award of liquidated damages to Plaintiff;

    E.    An award of prejudgment and post-judgment interest to Plaintiff;

    F.    An award of costs and expenses of this action together with reasonable attorneys' fees, costs, and expenses of litigation to Plaintiff; and

     G.    Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       September 23, 2022

**TRIEF & OLK**

By *[signature: Shelly L. Friedland]*
Shelly L. Friedland
750 Third Avenue
Suite 2902
New York, NY 10017
Tel: (212) 486-6060
Fax: (212) 317-2946
sfriedland@triefandolk.com
*Attorneys for Plaintiff*