**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TERESA MORALES, CAROLINA SANTOS, ARACELI MONDRAGON,<br><br>Plaintiffs,<br><br>v.<br><br>BAGEL & DELI CREATION, LLC, DN BAGELS LLC, d/b/a BAGEL EXPRESS, NEIL PATEL, and RICKY PATEL,<br><br>Defendants. | Civil Action No. 2:22-cv-05711<br><br>**SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Plaintiffs, Teresa Morales ("Morales"), Carolina Santos ("Santos"), Araceli Mondragon ("Mondragon", collectively, with Morales and Santos, "Plaintiffs"), by and through their counsel, Trief & Olk, for their Second Amended Complaint against Defendants Bagel & Deli Creation, LLC ("Bagel Creation"), DN Bagels LLC, d/b/a Bagel Express ("Bagel Express"), Neil Patel, and Ricky Patel (collectively, "Defendants") allege as follows:

## **PARTIES**

1. Morales is an adult individual and New York State resident who was employed by Defendants from on or around September 2016 through on or around July 2021.

2. Santos is an adult individual and New York State resident who was employed by Defendants Bagel Creation, Neil Patel and Ricky Patel from on or around April 2021 through on or around December 2022.

3. Mondragon is an adult individual and New York State resident who was employed by Defendants Bagel Creation, Neil Patel and Ricky Patel from on or around February 2022 through on or around October 2022.

4. Defendant Bagel & Deli Creation, LLC is a corporation organized under the laws of the State of New York, with its principal place of business at 669 Route 109, West Babylon, New York 11704.

5. Defendant DN Bagels LLC, d/b/a Bagel Express is a corporation organized under the laws of the State of New York, with its principal place of business at 217 N. Main Street, Sayville, New York BA, 11782.

6. Upon information and belief, Defendant Neil Patel was an owner and/or manager of Bagel Creation and Bagel Express (collectively, the "Bagel Stores"), at all relevant times herein.

7. Upon information and belief, Defendant Ricky Patel was an owner and/or manager of the Bagel Stores at all relevant times herein.

## VENUE AND JURISDICTION

8. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction over Plaintiff's New York Labor Law claims pursuant to 28 U.S.C. § 1367.

10. This Court has personal jurisdiction over Defendants because the Bagel Stores are New York-based corporations, which operate in the State of New York.

11. Venue is proper in this judicial district because, pursuant to 28 U.S.C. § 1391, the Bagel Stores are located in this judicial district as entities subject to the court's personal jurisdiction with respect to the civil action in question and because the events or omissions giving rise to the claim occurred in this judicial district.

## COVERAGE UNDER THE FLSA AND NYLL

12. Throughout Plaintiffs' employment, Defendants were employers of multiple employees engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

13. Throughout Plaintiffs' employment, Defendants were an enterprise covered by the FLSA and as defined by 29 U.S.C. §§ 203(r) and 203(s).

14. Upon information and belief, throughout Plaintiffs' employment, Defendants had annual gross volume of sales made or business done of over $500,000 for each year in the relevant period.

15. Upon information and belief, throughout Plaintiffs' employment, Defendants had more than 10 employees including Plaintiff engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

16. Throughout Plaintiffs' employment by Defendants, Plaintiffs were employed within the meaning of the FLSA and the NYLL.

17. Throughout Plaintiffs' employment by Defendants, Plaintiffs were "employees" as that term is used in 29 U.S.C. § 203(e)(1) and in the applicable regulations implementing the NYLL, 12 NYCRR § 146-3.2(a).

18. Throughout Plaintiffs' employment, Defendants maintained control, oversight, and direction over the operation of the operations at the Bagel Stores including oversight of hiring and firing practices; setting hours and pay rates; oversight of the payroll; and other employment practices therein.

19. Upon information and belief, Defendants Neil Patel and Ricky Patel have had oversight of the day-to-day operations of the Bagel Stores. They were regularly at the stores to supervise and inspect the work done by Plaintiffs and had the power to hire and fire employees such as Plaintiffs, control the conditions of employment, and determine the rate and method of compensation paid to Plaintiffs.

20. Defendants Neil Patel and Ricky Patel are employers pursuant to the FLSA, 29 U.S.C. § 203(d), and the applicable implementing regulations, and NYLL § 2(6) and applicable implementing regulations, and are jointly and several liable with Defendants the Bagel Stores.

## MORALES'S EMPLOYMENT HISTORY

21. Morales worked at the Bagel Express from the middle of September 2016 until she transferred to Bagel Creation in May 2020. She was required to prepare food and clean the restaurant.

22. At Bagel Express, Morales worked seven to eight hours daily, six days each week, totaling approximately 42 to 48 hours per week.

23. Initially, Morales was paid approximately $370 per week, paid partly in cash and partly by check.

24. In 2020, Morales's pay rate changed from the weekly rate to $12 per hour, which she continued to receive partly in cash and partly by check.

25. During the period she worked for Bagel Express, Morales received no overtime premium when she worked more than 40 hours in a week, despite regularly working 42 to 48 hours per week.

26. In or about May 2020, Defendants moved Morales's employment to Bagel Creation.

27. Morales was employed at Bagel Creation from May 2020 until July 2021, performing similar food preparation and cleaning tasks that she was assigned at Bagel Express.

28. At Bagel Creation, Morales was required to work seven days a week, totaling approximately 60 hours per week.

29. During her employment at Bagel Creation, Morales was paid $14 per hour, which she received all in cash.

30. During her employment at Bagel Creation, Morales was not paid a premium for overtime hours.

## SANTOS'S EMPLOYMENT HISTORY

31. Santos worked at the Bagel Creation from on or around April 2021 to on or around December 2022. Over the course of her employment, she was required to prepare food, clean the restaurant, stock the salad bar and beverage stand, and attend to customers at the counter.

32. Immediately following the commencement of her employment at Bagel Creation, Santos initially worked approximately eight hours daily, seven days each week, totaling approximately 56 hours per week.

33. Thereafter, from on or around May 2021 through on or around March 2022, Santos worked approximately 10 to 12 hours a day, seven days each week, totaling approximately 77 hours per week.

34. Beginning on or around March 2022 and continuing through the termination of her employment, Santos's daily working hours increased by approximately one hour each day, except Sundays, such that she worked approximately 83 hours per week.

35. During the period from April 2021 through December 2021, Santos was paid roughly $12 per hour.

36. During the period from January 2022 through December 2022, Santos was paid roughly $13 per hour.

37. Defendants generally paid Santos in cash.

38. During her employment at Bagel Creation, Santos was not paid a premium for overtime hours or for spread-of-hours.

## MONDRAGONS'S EMPLOYMENT HISTORY

39. Mondragon worked at the Bagel Creation from on or around February 2022 through on or around October 2022. She worked as a cashier and counter person and also took customer orders over the phone.

40. Mondragon worked approximately seven hours daily on Mondays through Fridays, and approximately ten hours every Saturday, for a total of approximately 45 hours per week.

41. During her employment, Mondragon was paid roughly $12 per hour, which she received all in cash.

42. During her employment at Bagel Creation, Mondragon was not paid a premium for overtime hours.

## DEFENDANTS' VIOLATIONS OF THE FLSA AND NEW YORK LABOR LAW
### Minimum Wage and Overtime Violations

43. Throughout their employment by Defendants, Plaintiffs were covered employees under the FLSA and NYLL, who were not exempt from the requirements thereunder, including minimum wage and overtime requirements.

44. Throughout their employment by Defendants, Plaintiffs were not paid the wages to which they were entitled.

6

45. Throughout their employment by Defendants, Defendants were aware of the hours Plaintiffs worked and rates of pay but willfully failed to pay the compensation Plaintiffs were owed pursuant to the FLSA and NYLL.

46. Defendants failed to pay minimum wage as required by the NYLL to Morales, from January 1, 2017, through December 31, 2018, and from January 2020 through April 2020, and to Santos and Mondragon throughout their employment by Defendants.

47. Additionally, although Plaintiffs regularly worked more than 40 hours per week throughout their employment by Defendants., Defendants failed to pay them an overtime premium for hours worked in excess of 40 hours per week as required by the FLSA and the NYLL.

**Wage Notice and Wage Statement Violations**

48. At the commencement of Plaintiffs' employment by Defendants, Defendants failed to provide Plaintiffs with statements of the scheduled hours and rates of pay, as required by New York Labor Law.

49. Throughout Plaintiffs' employment, Defendants failed to furnish Plaintiffs (in Spanish, their primary language), with accurate, written wage statements listing, *inter alia*, rate or rates of pay and basis thereof; gross wages; net wages; regular hourly rate; overtime rate; number of regular hours worked; and the number of overtime hours worked, in violation of New York Labor Law.

**Tip Splitting Violations**

50. In addition to the above, during Mondragon's employment at Bagel Creation, Defendants, by and through their agents, unlawfully withheld and/or misappropriated gratuities provided by customers to employees, including Mondragon, who worked at the store counter.

7

51. Mondragon typically worked at the store counter with four to five other employees.

52. During the course of each workday, many customers paid gratuities to the counter employees into a tip jar.

53. By the end of the day, the total gratuities in the tip jar would typically exceed $50.

54. Nevertheless, Mondragon's supervisor would generally distribute only $2 to Mondragon at the close of each day.

**Spread-of-Hours Violations**

55. In addition to the above, during Santos's employment at Bagel Creation, she regularly worked in excess of ten hours per workday.

56. Notwithstanding this, Defendants failed to pay her a spread-of-hours premium in violation of New York Labor Law.

**Violations of New York State Human Rights Laws**

57. In addition to the above, both Santos and Mondragon were the subjects of repeated incidents of sexual harassment by Defendant Neil Patel during their employment with Bagel Creation.

58. In particular, on at least two occasions, Santos was the target of inappropriate physical contact and sexual overtures by Defendant Neil Patel.

59. Additionally, Mondragon was the subject of repeated sexual overtures and inappropriate physical contact by Defendant Neil Patel, including repeated requests both in person and by phone that she agree to date Defendant Neil Patel.

60. On one occasion, Mondragon was forced to run away from Defendant Neil Patel to avoid inappropriate contact.

61. Santos and Mondragon both complained about the inappropriate conduct and yet it persisted.

## CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY OVERTIME IN VIOLATION
### OF THE FAIR LABOR STANDARDS ACT
### (29 U.S.C. § 201, *et seq.*)

62. Plaintiffs reallege and incorporate paragraphs 1 to 61 as if fully set forth herein.

63. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

64. Plaintiffs worked in excess of 40 hours during some or all work weeks in the relevant period.

65. As non-exempt employees, Plaintiffs were entitled to be paid an overtime premium at one-and-one-half times their regular hourly rate for all hours worked in excess of 40 hours per workweek, as set forth under the FLSA.

66. Defendants failed to pay Plaintiffs one-and-one-half times minimum wage for all work in excess of 40 hours per workweek.

67. The conduct of Defendants constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

68. Because the conduct of Defendants was willful, a three-year statute of limitations applies, pursuant to 20 U.S.C. §§ 201, *et seq*.

69. Due to these FLSA violations, Plaintiffs were damaged and are entitled to recover, from Defendants, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and expenses of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAILURE TO PAY OVERTIME IN VIOLATION OF NYLL
**(NYLL §§ 198 and 650, *et seq.*, and 12 NYCRR § 146-1.4)**

70. Plaintiffs reallege and incorporate paragraphs 1 to 61 as if fully set forth herein.

71. As non-exempt employees, Plaintiffs were entitled to be paid an overtime premium at one-and-one-half times their regular hourly rate for all hours worked in excess of 40 hours per workweek, as set forth under NYLL § 652 and 12 NYCRR § 146-1.4.

72. Plaintiffs worked in excess of 40 hours during some or all work weeks in the relevant period.

73. Throughout Plaintiffs' employment with Defendants, Defendants willfully failed to pay Plaintiffs at the overtime rate for hours worked in excess of 40 hours per workweek as required by NYLL and 12 NYCRR § 146-1.4.

74. Due to Defendants' NYLL violations, Plaintiffs were damaged and are entitled to recover from Defendants compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, expenses of this action, and pre- and post-judgment interest, pursuant to, pursuant to NYLL § 198.

## COUNT III
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF NYLL
**(NYLL §§ 191 and 650 *et seq.*; and 12 NYCRR § 146-1.2)**

75. Plaintiffs reallege and incorporate paragraphs 1 to 61 as if fully set forth herein.

76. During their employment, Plaintiffs were paid at either (i) a weekly rate that resulted in an effective hourly rate less than the applicable minimum wage under NYLL, as calculated pursuant to 12 NYCRR § 146-3.5(b), or (ii) an hourly rate below the NYLL's minimum hourly wage.

77. In particular, from January 1, 2017, through December 31, 2018 and January 1, 2020, through April 30, 2020, Morales was paid an hourly rate less than the applicable minimum

wage under NYLL or a weekly rate that resulted in an effective hourly rate less than the applicable minimum wage under NYLL.

78. Additionally, Santos and Mondragon were paid an hourly rate less than the applicable minimum wage under NYLL for the entire period of their employment.

79. For the periods referenced above, *see* ¶¶ 73-74, Defendants willfully failed to pay Plaintiffs at least minimum wage for all hours worked as required by NYLL §§ 191 and 652, and 12 NYCRR § 146-1.2(a)(1)(ii).

80. Due to Defendants' NYLL violations, Plaintiffs were damaged and are entitled to recover from Defendants compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, expenses of this action, and pre- and post-judgment interest, pursuant to NYLL § 198.

## **COUNT IV**
### **FAILURE TO FURNISH WAGE NOTICE IN VIOLATION OF NEW YORK WAGE THEFT PREVENTION ACT**
### **(NYLL §§ 195(1), 198)**

81. Plaintiffs reallege and incorporate paragraphs 1 to 61 as if fully set forth herein.

82. At the commencement of Plaintiffs' employment, Defendants failed to provide Plaintiffs with a written notice (in Spanish, Plaintiffs' primary language), of the applicable rate of pay, regular pay day, and such other information as required by the Wage Theft Prevention Act, NYLL § 195(1).

83. Due to Defendants' NYLL violations, Plaintiffs were damaged and are entitled to recover from Defendants damage as provided by NYLL § 198 for these wage statement violations, together with attorneys' fees and costs.

## COUNT V
## FAILURE TO FURNISH WAGE STATEMENTS IN VIOLATION OF
## NEW YORK WAGE THEFT PREVENTION ACT
## (NYLL §§ 195(3), 198, and 650 *et seq.*; and 12 NYCRR § 146-2.3)

84. Plaintiffs reallege and incorporate paragraphs 1 to 61 as if fully set forth herein.

85. Throughout Plaintiffs' employment, Defendants failed to furnish Plaintiffs with accurate, written wage statements listing, inter alia, gross wages; net wages; overtime rate; number of regular hours worked; and the number of overtime hours worked, as required by the Wage Theft Prevention Act, NYLL § 195(3).

86. Due to Defendants' NYLL violations, Plaintiffs were damaged and are entitled to recover from Defendants damage as provided by NYLL § 198 for these wage statement violations, together with attorneys' fees and costs.

## COUNT VI
## UNLAWFUL RETENTION OF GRATUITIES
## (NYLL §§ 196-d, 198, and 650 *et seq.*)

87. Plaintiff Araceli Mondragon realleges and incorporates paragraphs 1 to 61 as if fully set forth herein.

88. From at least on or about February 2022, to on or about October 2022, Defendants unlawfully retained gratuities to which Mondragon was entitled.

89. Mondragon seeks and is entitled to recover her unlawfully retained gratuities, liquidated damages pursuant to NYLL § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## COUNT VII
## FAILURE TO PAY SPREAD-OF-HOURS PREMIUMS
## (NYLL §§ 198 and 650 *et seq.*; and 12 NYCRR § 146-1.6)

90. Plaintiff Carolina Santos realleges and incorporates paragraphs 1 to 61 as if fully set forth herein.

91. Santos worked shifts for Defendants in excess of 10 hours, but Defendant willfully failed to pay her spread-of-hours premiums for those shifts.

92. Santos seeks and is entitled to recover her unpaid spread-of-hours premiums, liquidated damages pursuant to NYLL § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## COUNT VIII
## DISCRIMINATION ON THE BASIS OF GENDER AND CREATING A HOSTILE WORK ENVIRONMENT
## (N.Y. Exec. Law §§ 290 et seq.)

93. Plaintiffs Araceli Mondragon and Carolina Santos reallege and incorporate paragraphs 1 to 61 as if fully set forth herein.

94. During their employment at Defendant Bagel Creation, Mondragon and Santos were subject to multiple acts of unwanted gender-based conduct in the form of sexual harassment by Defendant Neil Patel on account of their gender.

95. As a result of Defendant's conduct, Mondragon and Santos were treated less well than their colleagues and perceived their work environment to be abusive.

96. Defendant Neil Patel's harassment unreasonably interfered with Mondragon and Santos's work performance and altered the conditions of their employment for the worse.

97. As a direct and proximate result of the discriminatory, harassing, and abusive conduct of Defendants Neil Patel and Bagel Creation, Mondragon and Santos, suffered adverse employment consequences, including loss of professional opportunities and other valuable benefits of employment, as well as mental anguish and humiliation.

98. Defendants' conduct was willful and motivated by malice and/or reckless indifference to Mondragon's and Santos's legal rights, entitling each to an award of punitive damages.

99. Neither Mondragon nor Santos has previously filed a complaint concerning the above-described conduct with any local commission on human rights or with the superintendent of the Department of Financial Services.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiffs respectfully requests that this Court grant the relief to which she is entitled and:

    A. On the first and second claims for relief, an award of overtime compensation for unpaid wages to Plaintiffs;

    B. On the third claim for relief, an award of compensation for unpaid minimum wages at the applicable New York minimum wage rate;

    C. On the fourth and fifth claims for relief, an award of statutory damages as applicable pursuant to New York Labor Law to Plaintiffs;

    D. On the sixth claim for relief, an award of the gratuities unlawfully withheld from Mondragon during her employment;

    E. On the seventh claim from relief, an award of the spread-of-hours premiums owed to Santos pursuant to New York Labor Law;

    F. On the eighth claim for relief, an award of damages and punitive damages to Mondragon and Santos pursuant to New York Human Rights Law;

    G. An award of liquidated damages to Plaintiffs;

    H. An award of prejudgment and post-judgment interest to Plaintiffs;

I. An award of costs and expenses of this action together with reasonable attorneys' fees, costs, and expenses of litigation to Plaintiffs; and

J. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
February 13, 2023

**TRIEF & OLK**

By *Shelly L. Friedland*
Shelly L. Friedland
750 Third Avenue
Suite 2902
New York, NY 10017
Tel: (212) 486-6060
Fax: (212) 317-2946
sfriedland@triefandolk.com
*Attorneys for Plaintiff*