UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TERESA MORALES, CAROLINA
SANTOS, ARACELI MONDRAGON,

                          Plaintiffs,
    -against-

BAGEL & DELI CREATION, LLC, DN
BAGELS LLC d/b/a BAGEL EXPRESS,
NEIL PATEL and RICKY PATEL,

                         Defendants.
-----------------------------------------------------------------X

Case No.: 22-CV-05711
(JS)(LGD)

**ANSWER TO SECOND
AMENDED COMPLAINT**

Defendants, Defendants Bagel & Deli Creation, LLC, DN Bagels LLC d/b/a Bagel Express, Neil Patel and Rick Patel (hereinafter collectively referred to as the "Defendants"), by their attorneys, Certilman Balin Adler & Hyman, LLP, as and for their answer to the Second Amended Complaint of Plaintiff Teresa Morales (hereinafter referred to as the "Plaintiff"), filed February 13, 2023 (the "Complaint"), state as follows:

### AS TO THE "PARTIES"

1. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4. Admit the allegations contained in paragraph 4 of the Complaint.

5. Deny the allegations contained in paragraph 5 of the Complaint.

6. Deny the allegations contained in paragraph 6 of the Complaint.

7. Deny the allegations contained in paragraph 7 of the Complaint.

## AS TO THE "VENUE AND JURISDICTION"

8. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

## AS TO THE "COVERAGE UNDER THE FLSA AND NYLL"

12. Deny the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. Deny the allegations contained in paragraph 16 of the Complaint.

17. Deny the allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint.

## AS TO "MORALES'S EMPLOYMENT HISTORY"

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint.

23. Deny the allegations contained in paragraph 23 of the Complaint.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

### AS TO "SANTOS'S EMPLOYMENT HISTORY"

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

### AS TO "MONDRAGON'S EMPLOYMENT HISTORY"

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. Deny the allegations contained in paragraph 42 of the Complaint.

## AS TO "DEFENDANTS' VIOLATIONS OF THE FLSA AN DNEW YORK LABOR LAW"
### (Minimum Wage and Overtime Violations)

43. Deny the allegations contained in paragraph 43 of the Complaint.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint.

47. Deny the allegations contained in paragraph 47 of the Complaint.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50 of the Complaint.

51. Deny the allegations contained in paragraph 51 of the Complaint.

52. Deny the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint.

54. Deny the allegations contained in paragraph 54 of the Complaint.

55. Deny the allegations contained in paragraph 55 of the Complaint.

56. Deny the allegations contained in paragraph 56 of the Complaint.

57. Deny the allegations contained in paragraph 57 of the Complaint.

58. Deny the allegations contained in paragraph 58 of the Complaint.

59. Deny the allegations contained in paragraph 59 of the Complaint.

60. Deny the allegations contained in paragraph 60 of the Complaint.

61. Deny the allegations contained in paragraph 61 of the Complaint.

## COUNT I
## FAILURE TO PAY OVERTIME IN VIOLATION OF THE
## FAIR LABOR STANDARDS ACT
## (29 U.S.C. §201, et seq.)

62. Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 61 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

63. Deny the allegations contained in paragraph 63 of the Complaint.

64. Deny the allegations contained in paragraph 64 of the Complaint.

65. Deny the allegations contained in paragraph 65 of the Complaint.

66. Deny the allegations contained in paragraph 66 of the Complaint.

67. Deny the allegations contained in paragraph 67 of the Complaint.

68. Deny the allegations contained in paragraph 68 of the Complaint.

69. Deny the allegations contained in paragraph 69 of the Complaint.

## COUNT II
## FAILURE TO PAY OVERTIME IN VILATION OF NYLL
## (NYLL §§ 198 and 650, *et seq.*, AND 12 NYCRR §146-1.4)

70. Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 69 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

71. Deny the allegations contained in paragraph 71 of the Complaint.

72. Deny the allegations contained in paragraph 72 of the Complaint.

73. Deny the allegations contained in paragraph 73 of the Complaint.

74. Deny the allegations contained in paragraph 74 of the Complaint.

## COUNT III
### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF NYLL
### (NYLL §§ 191 AND 650 *et seq.*, and 12 NYCRR §146-1.2)

75. Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 74 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

76. Deny the allegations contained in paragraph 76 of the Complaint.

77. Deny the allegations contained in paragraph 77 of the Complaint.

78. Deny the allegations contained in paragraph 78 of the Complaint.

79. Deny the allegations contained in paragraph 79 of the Complaint.

80. Deny the allegations contained in paragraph 80 of the Complaint.

## COUNT IV
### FAILURE TO FURNISH WAGE NOTICE IN VIOLATION OF NEW YORK WAGE THEFT PREVENTION ACT
### (NYLL §§ 195(1), 198))

81. Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 80 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

82. Deny the allegations contained in paragraph 82 of the Complaint.

83. Deny the allegations contained in paragraph 83 of the Complaint.

## COUNT V
## FAILURE TO FURNISH WAGE STATEMENTS IN VIOLATION OF NEW YORK WAGE THEFT PREVENTION ACT
### (NYLL §§195(3), and 650 *et seq.*: 12 NYCRR §146-2.3)

84. Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 83 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

85. Deny the allegations contained in paragraph 83 of the Complaint.

86. Deny the allegations contained in paragraph 83 of the Complaint.

## COUNT VI
## UNLAWFUL RETENTION OF GRATIUTIES
### (NYLL §§ 196-d, 198, and 650 *et seq.*)

87. Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 86 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

88. Deny the allegations contained in paragraph 83 of the Complaint.

89. Deny the allegations contained in paragraph 83 of the Complaint.

## COUNT VII
## FAILURE TO PAY SPREAD-OF-HOURS PREMIUMS
### (NYLL §§ 198 and 650 *et seq.*, and 12 NYCRR § 146-1.6)

90. Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 89 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

91. Deny the allegations contained in paragraph 83 of the Complaint.

92. Deny the allegations contained in paragraph 83 of the Complaint.

## COUNT VIII
## DISCRIMINATIN ON THE BASIS OF GENDER AND CREATING A HOSTILE WORK ENVIRONMENT
### (N.Y. Exec. Law §§ 290 *et seq.*)

93. Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs 1 through 83 of the Complaint as though set forth herein at length, and denies each and every allegation not unequivocally admitted hereinabove.

94. Deny the allegations contained in paragraph 83 of the Complaint.

95. Deny the allegations contained in paragraph 83 of the Complaint.

96. Deny the allegations contained in paragraph 83 of the Complaint.

97. Deny the allegations contained in paragraph 83 of the Complaint.

98. Deny the allegations contained in paragraph 83 of the Complaint.

99. Deny the allegations contained in paragraph 83 of the Complaint.

## AS TO PLAINTIFF'S "JURY DEMAND"

100. The allegations on page 14 of the Complaint are a demand for jury trial to which no response is required; however, to the extent a response is required, Defendants deny that Plaintiff is entitled to a jury trial or any trial whatsoever.

## ADDITIONAL AVERMENTS

101. Defendants deny all claims and allegations not unequivocally admitted herein.

* * * * *

102. Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden, Defendants assert the following defenses as to Plaintiff's claims:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

103. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

104. Plaintiffs have failed to mitigate damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

105. Upon information and belief, Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches and/or unclean hands and/or waiver and/or estoppels.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

106. Any damages alleged by Plaintiffs were not caused, proximately, or otherwise, by any act or conduct by Defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

107. The allegations set forth in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

108. Any and all actions of Defendants were performed in a lawful manner with no unlawful motive and caused no injury to Plaintiffs.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

109. If Defendants are found to have failed to pay Plaintiffs any amount due, which Defendants deny, Defendants acted at all times on the basis of good faith and reasonable belief that their actions were in compliance with all applicable state and federal laws and/or written administrative regulations, orders, rulings or interpretations, and therefore, Defendants' action were not willful.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

110. If Defendants are found to have failed to pay Plaintiffs any amount due, which Defendants deny, Defendants are entitled to set off any overpayments other sums owed by Plaintiffs against any judgment.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

111. Plaintiffs may be exempt from overtime requirements under the Fair Labor Standards Act and/or the New York Labor Law under the executive exemption and therefore is not entitled to overtime pay during all relevant periods.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

112. Plaintiffs may be exempt from overtime requirements under the Fair Labor Standards Act and/or the New York Labor Law under the administrative exemption and therefore are not entitled to overtime pay during all relevant periods.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

113. Plaintiffs may be exempt from overtime requirements under the Fair Labor Standards Act and/or the New York Labor Law under the combination exemption and therefore are not entitled to overtime pay during all relevant periods.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

114. Plaintiffs' claims for liquidated damages are barred, in whole or in part, because any and all actions taken by Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of federal or New York law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

115. At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper, reasonable and lawful and in the exercise of good faith.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

116. Plaintiff's claims under the New York State Human Rights Law ("NYSHRL") are barred because they failed to exhaust all available administrative remedies.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

117. Plaintiffs' claims under the NYSHRL are barred because they failed to exercise all conditions precedent to the causes of action contained in the Complaint.

### AS AND FOR A SIXTEENTH AFFRIMATIVE DEFENSE

118. To the extent Plaintiffs have suffered injury, which is denied, that injury is the result of acts or omissions of the Plaintiffs and not any act or omission of the Defendants.

119. Defendants reserve the right to assert additional defenses or pursue any available counterclaims against Plaintiffs as may become known through discovery, investigation, or in preparation for trial.

\* \* \* \*

**WHEREFORE**, Defendants respectfully request that this Court enter judgment dismissing the Complaint in its entirety, together with the costs, disbursements and attorneys'

7983428.1

fees incurred herein and such other and further relief as this Court deems just, proper and equitable.

Dated: East Meadow, NY
      March 14, 2023

**CERTILMAN BALIN ADLER & HYMAN, LLP**

By: _/s/ Douglas Rowe_

Douglas E. Rowe, Esq.
*Attorneys for Defendants*
90 Merrick Avenue, 9th Fl.
East Meadow, NY 11554
(516) 296-7000
drowe@certilmanbalin.com

12

7983428.1